IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CHEKETHIA S. MAXIE | § | |
| | § | |
| v. | § | |
| | § | Case No. 2:21-cv-0191-RSP |
| COMMISSIONER, SOCIAL | § | |
| SECURITY ADMINISTRATION | | |

**MEMORANDUM RULING**

On November 24, 2020, Administrative Law Judge John Antonowicz issued a decision finding that Petitioner Chekethia Sherrell Maxie was not disabled within the meaning of the Social Security Act from October 1, 2018 through the date of the decision. Ms. Maxie, who was 56 with a high school education at that time, was found to be suffering from severe impairments consisting of coronary artery disease and right knee degenerative joint disease. These impairments resulted in restrictions on her ability to work, and she had not engaged in any substantial gainful activity since at least October 1, 2018. Her past work was on the deboning line at the Pilgrim's Pride chicken processing plant. She had also worked as a private sitter for home health care providers. Tr. 88, 254.

After reviewing the medical records and receiving the testimony at the November 2, 2020 telephone hearing, at which Petitioner was represented by her non-attorney representative, Stanley W. Brummal, the ALJ determined that Petitioner had the residual functional capacity to perform light work as defined in the Social Security regulations, except that she can only occasionally stoop, crouch, crawl and kneel, and cannot climb ladders, ropes or scaffolds. She can occasionally climb stairs and ramps but is unable to balance on narrow or moving surfaces. She is able to

balance occasionally on level surfaces and can use foot controls occasionally but cannot work in proximity to unprotected heights and dangerous moving machinery.

Based on the testimony of a vocational expert witness, Phunda P. Yarbrough, the ALJ determined that Petitioner could perform the requirements of her past work as a poultry boner. This finding resulted in the determination that Petitioner was not entitled to either disability insurance benefits or Supplemental Security Income benefits.  Petitioner appealed this finding to the Appeals Council, which denied review on April 17, 2021.  Petitioner timely filed this action for judicial review seeking remand of the case for award of benefits.

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. See *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994), cert. denied, 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir.1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen,* 798 F.2d 818, 823 (5th Cir.1986).

Petitioner raises two issues on this appeal:

> 1. The ALJ erred in finding Plaintiff had the residual functional capacity to perform light work without proper consideration of her advanced age and lack of transferable skills.
>
> 2. The ALJ erred in failing to give proper consideration to Plaintiff's subjective complaints which result in significant limitations.

*Issue No. 1:*

As an initial matter, the Court notes that the determination of residual functional capacity is properly made without consideration of the claimant's age or transferable skills. Those factors come into play at step 5--when there has been a step 4 determination that the claimant cannot perform her past relevant work—and the ALJ is tasked with determining whether there is other work in the national economy that the claimant is able to perform. Accordingly, there was no error by the ALJ in that regard.

Petitioner argues in Brief that the ALJ erred in not finding that her anxiety, depression, and memory changes constituted severe impairments despite the references to those findings in some of the medical records. Dkt. No. 16 at 12. However, none of these conditions were mentioned by Petitioner in her application for benefits (Tr. 236) or during her testimony at the hearing. Tr. 86-96. Furthermore, the medical records only mention these conditions in passing. Dr. Overlook, who is called out in Brief, only mentioned "anxiety, depression, and change in sleep pattern" under "psychiatric" as one of 17 different systems reviewed. Tr. 618. His findings on examination under that heading were "alert & oriented to time, place and person and mood & affect appropriate." *Id.* At no point did Dr. Overlook, or any other provider, suggest that Petitioner's capacity to work was limited due to anxiety, depression, or memory changes. See Dkt. No. 17 at 13 n. 4. The ALJ did not err in not finding any severe impairment in those conditions.

Petitioner also argues in Brief that she could not perform her past work as a poultry boner because she reported that it required her to stand 8 hours, whereas the RFC of light work only required the ability to stand for six hours. Dkt. No. 16 at 13. Regarding her past work, the ALJ here found Petitioner "able to perform it as actually and generally performed." Tr. 52. So, even if Petitioner's Work History Report (Tr. 254, 256) is considered dispositive as to the requirements of her job as actually performed, the vocational expert testified that the job as generally performed falls within the light duty category. Tr. 99. Accordingly, substantial evidence supports the ALJ's decision in that regard.

Petitioner also relies on a variety of medical records submitted after the decision of the ALJ (Brief at 8-10) all of which relate to treatment provided after the decision was rendered. Tr. 6-77. As the Commissioner explained at length in her brief, the Appeals Council is not required to accept such records. In this case the Council stated: "We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence." Tr. 2. The Fifth Circuit has held that the Court is "constrained by the record which was available to the ALJ." *Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991). Accordingly, the Court cannot consider these records.

*Issue No. 2:*

Petitioner argues in this issue that the ALJ did not properly credit her subjective complaints. The issue becomes whether the ALJ properly discounted the credibility of her testimony. The Commissioner has long conceded that while the ALJ has great discretion in weighing the evidence and determining credibility, there are parameters governing those findings. For instance, in Social Security Ruling 96-7, the Commissioner clarified that:

4

> It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

A review of the ALJ's opinion, especially at pages 6 to 7, shows that the ALJ did perform the required analysis of the record and give the specific reasons for his credibility determination. The Court finds that the record supports the ALJ's finding that the Petitioner's complaints of disabling symptoms were not fully credible.  Regarding the complaints of shortness of breath, fatigue, and chest pain, which Petitioner relates to her coronary disease, the ALJ noted that

> "extensive cardiac workup shows that she has a regular heart rate and rhythm and clear lungs.  Ejection fraction is preserved, chest x-rays are typically negative, and stress test shows no signs of ischemia.  Medication intervention generally resolves chest pain and she experiences no palpitations."  Tr. 51.

Regarding the pain and swelling of her knee and leg, which she relates to her right knee degenerative joint disease, the ALJ noted that her gait remains intact, she has no evidence of peripheral vascular disease or deep vein thrombosis, and she is not prone to falls.  She has no findings of crepitus, effusion, or joint instability." *Id*.  She also did not need an assistive device for walking.

The ALJ also relied upon the evidence of Petitioner's activities of daily living and the fact that it departs from Petitioner's testimony concerning the effect of her impairments. No medical opinion evidence supports the argued limitations on her functional capacity.  On the other hand, the State agency consulting physician, Dr. Lawrence Ligon, M.D., reviewed all of Petitioner's medical records and opined on February 3, 2020, that Petitioner had the capacity to perform her

5

past work. Tr. 108-109.   Similarly, on April 1, 2020, on reconsideration, Dr. Roberta Herman, M.D. reached the same conclusion.  Tr. 128.  All of these findings described by the ALJ also serve as reasons for him to discount the credibility of Petitioner's statements regarding the extent of her symptoms.

Considering all of the foregoing, the Court finds that substantial evidence supports the ALJ's decision to discount Petitioner's testimony regarding her subjective complaints and symptoms.

*Conclusion:*

Having found that the record supports the finding of the ALJ, the decision of the Commissioner is affirmed and this action will be DISMISSED.

**SIGNED this 29th day of September, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE